### In re NORTHERN BONELESS MEAT CORP., Debtor.

**80 Civ. 5079.**

United States District Court, S. D. New York.

Feb. 3, 1981.

**28**

John S. Martin, Jr., U. S. Atty., Southern District of New York, New York City, for appellant; by Stuart M. Bernstein, Asst. U. S. Atty., New York City, of counsel.

Levin & Weintraub, New York City, for appellee.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Appellants, the Secretary of Agriculture and the Department of Agriculture, its agents, and employees (collectively referred to herein as the "Secretary"), appeal from an order of Judge Burton R. Lifland of the Bankruptcy Court enjoining the Secretary from prosecuting an administrative proceeding against Northern Boneless Meat Corporation ("Northern") for alleged violations of the Packers and Stockyards Act (the "PSA"), 7 U.S.C. §§ 181 *et seq.* The order stays the administrative action on the ground that the Secretary's proceeding infringes the exclusive jurisdiction of the Bankruptcy Court.

On May 1, 1978, Northern filed a bankruptcy petition seeking an arrangement under Chapter XI of the Bankruptcy Act of 1898 (the "Act").[1] In October the Secretary initiated an administrative proceeding charging that Northern, a meat packer under the PSA, 7 U.S.C. § 191, failed to pay for meat obtained from its suppliers, failed to pay on time for such meat, and made unreasonably preferential payments to some meat suppliers, all in violation of the PSA.[2] This proscribed conduct apparently disrupts the economy in this line of commerce.

The administrative complaint merely seeks an order requiring Northern to cease and desist from further violations of the PSA. Instead of answering the administrative complaint, Northern took the position

1. The proceeding in the Bankruptcy Court is governed by the Bankruptcy Act of 1898 because the petition was filed before October 1, 1979, the effective date of the new Title 11 of the United States Code, Bankruptcy. 11 U.S.C. § 101 *et seq.*

2. The Packers and Stockyards Act provides, in pertinent part:

It shall be unlawful with respect to livestock, meats, meat food products, livestock products in unmanufactured form, poultry, or poultry products for any packer or any live poultry dealer or handler to:

(a) Engage in or use any unfair, unjustly discriminatory, or deceptive practice or device; or

(b) Make or give any undue or unreasonable preference or advantage to any particular person or locality in any respect whatsoever, or subject any particular person or locality to any undue or unreasonable prejudice or disadvantage in any respect whatsoever; . . . .

that the proceeding was stayed by Rule 11–44 of the Rules of Bankruptcy Procedure.[3] The Secretary, contending that Rule 11–44 did not apply, thereupon applied for a default judgment. Northern immediately requested and obtained an order from the Bankruptcy Court temporarily restraining the Secretary from proceeding with the administrative action and directing him to show cause why the court should not enter an order finding that Rule 11–44 did apply and holding the Secretary in contempt for violating that rule.

■■■ In its August 14, 1980 opinion, the Bankruptcy Court held that Rule 11–44 and its statutory analogue, § 314 of the Act, 11 U.S.C. § 714 (current version at 11 U.S.C. § 362), were inapplicable. Relying on § 2(a)(15) of the Act, however, the court continued the stay of the administrative proceeding in order to preserve its own jurisdiction.[4] The issues presented on this appeal are (1) whether § 314 of the Act and Rule 11–44 authorize the Bankruptcy Court to enjoin the administrative proceeding; (2) whether § 2(a)(15) of the Act also gives the Bankruptcy Court the power to enjoin the administrative proceeding; and (3) if the Bankruptcy Court does have power under § 2(a)(15), whether the exercise thereof was an abuse of discretion. I conclude that the Court below was correct in holding that § 314 and Rule 11–44 do not confer on the Bankruptcy Court the requisite authority to stay the administrative proceeding herein.[5] With respect to the use of § 2(a)(15) for that purpose, however, I disagree. I conclude that it was error for the Bankruptcy Court to issue an order appealed from, and, accordingly, I reverse.

■■ Section 2(a)(15) of the Act, like its analogue in Title 28, the All Writs Act, 28 U.S.C. § 1651, grants the Bankruptcy Court the power in equity to make such orders as it finds necessary to protect its jurisdiction and enforce the provisions of the Act. *Gonzalez Hernandez v. Borgos*, 343 F.2d 802, 807 (1st Cir. 1965). Consequently, such power may be used to protect the integrity of a bankrupt's estate and the Bankruptcy Court's custody thereof and to preserve to that Court the ability to exercise the authority delegated to it by Congress. Conversely, where, as here, none of these considerations are present, § 2(a)(15) will not support an order such as the one entered below.

It is undisputed that the Secretary seeks only an administrative finding that Northern violated the PSA and an order that Northern cease and desist from future violations. In rejecting Northern's argument that § 314 mandated a stay, the Court below correctly observed:

No property of the Debtor [Northern] is involved. The Debtor's estate, which is under exclusive jurisdiction of this Court by virtue of Section 311 [of the Bankruptcy Act], will in no way be detrimentally affected by such an order [to cease and desist].

*In re Northern Boneless Meat Corporation*, 78 B 785 (S.D.N.Y. August 14, 1980), at 6.

Although the Bankruptcy Court found that the Secretary's proceeding posed no threat to Northern's estate or the court's custody of it, it did conclude that the administrative action infringed the jurisdiction of the Bankruptcy Court:

The substance of [the Secretary's] administrative proceeding is to declare that the

---

3. Bankruptcy Rule 11–44(a) provides:
   "[a] petition filed under Rule 11–6 or 11–7 shall operate as a stay of the commencement or the continuation of any court or other proceeding against the debtor . . . ."

4. Section 2(a)(15) of the Bankruptcy Act, 11 U.S.C. § 11(a)(15), provides that the Bankruptcy Court is empowered to
   "[make] *such orders, issue such process, and enter such judgments,* in addition to those specifically provided for, as may be neces-

sary for the enforcement of the provisions of this Act."

5. It is also worth mentioning that Judge Lifland's reading of the old Bankruptcy Act apparently leads to a result which is consistent with that mandated by Congress in the new Bankruptcy Code. *See* 11 U.S.C. § 362(b)(4) (automatic stay provision does not apply to action by government agency to enforce the agency's police or regulatory power).

Debtor has made preferential payments, and in some instances, no payments. This intrudes upon subject matter properly and exclusively within the province of those courts charged with the implementation of the federal bankruptcy laws. *Id.* at 10.

The fact that both the PSA and the Bankruptcy Act use the term "preference" to denominate a forbidden transaction does not compel the conclusion that the authority conferred by the two statutes are in conflict. On the contrary, in the instant case a finding of a preference under the PSA and the entry of a cease and desist order would not affect an inquiry by the Bankruptcy Court into allegedly voidable transfers by the debtor and their recovery, if found. The Bankruptcy Act and the PSA, at least in this case, can function simultaneously and harmoniously.

Accordingly, the order below is reversed and the injunction vacated.

SO ORDERED.