Lynn MARTIN, Secretary of Labor, U.S. Department of Labor, Plaintiff,

v.

SAFETY ELECTRIC CONSTRUCTION, CO., INC. et al., Defendants.

Civ. No. 5–92–CV–499 (WWE).

United States District Court, D. Connecticut.

Jan. 25, 1993.

Albert H. Ross, Kevin E. Sullivan, U.S. Department of Labor, Office of the Solicitor, Boston, MA, for plaintiff.

James M. Nugent, Charmoy & Nugent, Bridgeport, CT, for defendants.

## RULING ON MOTION TO REOPEN DEFAULT

EGINTON, Senior District Judge.

Defendant Safety Electric Construction Company has moved to reopen and set aside the Fed.R.Civ.P. 55(c) default entered against it on December 7, 1992. For the reasons set forth below, the motion will be denied.

## FACTS

On August 24, 1992, the Secretary of Labor filed this action against Safety Electric and its president, Americo Gloria, claiming violations of sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., as amended. The complaint alleges that defendants failed to pay overtime wages and maintain records as required by statute. Plaintiff seeks injunctive relief to enjoin defendants from further violations of the Act, and damages for payment of unpaid wages and liquidated damages and costs.

On September 17, 1992, defendant Safety Electric filed a Chapter 11 bankruptcy petition in District of Connecticut Bankruptcy Court (Case No. 92–53125).

On December 7, 1992, the Clerk granted plaintiff's motion for entry of default for failure to plead. On December 8, attorney for defendant Martin Safety filed an appearance and objection to entry of default. On December 17, 1992, Martin Safety filed this motion to reopen the default. Defendant asks the court to permit the case to remain open under a bankruptcy stay.

## DISCUSSION

Rule 55(c) of the Federal Rules of Civil Procedure provides that the court may set aside an entry of default for good cause shown. Defendant argues that good cause exists to set aside the default because the case should be stayed due to bankruptcy.

■ The automatic stay provision of the Bankruptcy Code provides that a bankruptcy petition shall operate as a stay of any judicial, administrative, or other proceeding against the debtor that was commenced before the bankruptcy action, 11 U.S.C. § 362(a)(1), unless an exception applies. One exception is the "commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power." 11 U.S.C. § 362(b)(4). In order for the exception to apply to a particular action, the action must (1) involve a governmental unit and (2) the unit must be exercising its regulatory or police powers.

*McLaughlin v. Craig*, U.S.Dist. LEXIS 15904 (N.D.Tex.1988).

Most courts that have addressed this issue have determined that the exception applies. An enforcement proceeding brought by the Department of Labor to liquidate claims for back wages under minimum wage requirements of the Service Contract Act and to bar debtor from contracting with government for three years due to its violation of the Act, was excepted from stay as a proceeding to enforce governmental unit's police or regulatory power under section 362(b)(4) of the Bankruptcy Code. *Eddleman v. U.S. Department of Labor*, 923 F.2d 782 (10th Cir.1991) The automatic stay provision of the Bankruptcy Code did not bar either continuation or enforcement of injunctive action brought by the Secretary of Labor under section of the Fair Labor Standards Act because the Secretary was suing under the government's police power. *Brock v. Rusco Industries, Inc.*, 842 F.2d 270 (11th Cir.1988), *cert. denied* 488 U.S. 889, 109 S.Ct. 221, 102 L.Ed.2d 212 (1988).

In this circuit, while not specifically addressing FLSA actions by the Secretary of Labor, case law generally supports this view. The National Labor Relations Board ("NLRB") was held to be a governmental unit, and NLRB unfair labor practice proceedings and enforcement proceedings held to be proceedings to enforce the NLRB's police or regulatory powers pursuant to 11 U.S.C. § 362(b)(4). *National Labor Relations Board v. 15th Avenue Iron Works, Inc.*, 964 F.2d 1336 (2d Cir.1992). An action to enforce ERISA lies within the section 362(b)(4) exception. *Pension Ben. Guar. Corp. v. LTV Corp.*, 875 F.2d 1008, 1020 (2d Cir.1989). An administrative action by the Secretary of Agriculture to enforce the Packers and Stockyards Act did not involve the debtor's estate and thus was not subject to bankruptcy stay. *In re Northern Boneless Meat Corp.*, 9 B.R. 27 (S.D.N.Y.1981). The Environmental Protection Agency's action for injunctive relief, fines and punitive damages relating to a response pursuant to CERCLA, 42 U.S.C. § 9604(a), (b), and (c) and § 9606(a), (b) and § 9607(a) and (c) was not subject to auto-

matic stay. *United States v. Mattiace Industries, Inc.,* 73 B.R. 816 (E.D.N.Y.1987).

■ Not every agency action against a debtor can be characterized as one that enforces police or regulatory power. Consequently, courts have developed two tests for determining whether agency actions fit within the exception. Under the "pecuniary purpose" test, the court asks whether the government's proceeding relates primarily to the protection of the government's pecuniary interest in the debtor's property and not to matters of public policy. If it is evident that a governmental action is primarily for the purpose of protecting a pecuniary interest, then the action should not be excepted from the stay. Under the "public policy" test, actions taken for the purpose of advancing private rights are not excepted from the stay. *Eddleman v. U.S. Department of Labor,* 923 F.2d at 782; *see also United States v. Seitles,* 106 B.R. 36 (S.D.N.Y.1989).

■ Here, as in *Eddleman,* the court finds that this Department of Labor enforcement proceeding is exempt from stay under either test. The remedies sought by plaintiff are not designed to advance the government's pecuniary interest. Neither are they designed to advance private rights. Rather, the request to enjoin defendant from further violations of the Federal Labor Standards Act and the requests for unpaid wages and liquidated damages are simply a method of enforcing the policies underlying FLSA.

Accordingly, the court holds that this enforcement proceeding is exempt from automatic stay pursuant to 11 U.S.C. § 362(b)(4). The court notes that the individuals claiming unpaid wages will not receive any extra priority by virtue of this action. Actual collection of the back pay and liquidated damages claims must proceed according to normal bankruptcy procedures.

## CONCLUSION

Because the automatic stay provisions of the Bankruptcy Code do not apply to this proceeding, defendant's motion to reopen the default (#11) is DENIED.