**In re ADAMS DELIVERY SERVICE, INC., dba A.D.S., Debtor.**

**NATIONAL LABOR RELATIONS BOARD, Appellant,**

**v.**

**ADAMS DELIVERY SERVICE, INC., dba A.D.S., Appellee.**

BAP No. NC 81–1353–EKV.

Bankruptcy No. 481–02666 H.

Adv. No. 481 0643 AW.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued April 16, 1982.

Decided Sept. 30, 1982.

Corinna L. Metcalf, N.L.R.B., Washington, D.C., for appellant.

James A. Tiemstra, Hoffman, Kelly, Stokes & Izmirian, San Francisco, Cal., for appellee.

Before ELLIOTT, KATZ and VOLINN, Bankruptcy Judges.

## OPINION

ELLIOTT, Bankruptcy Judge:

The debtor in possession, Adams Delivery Service purported to remove to the bankruptcy court a proceeding pending before the National Labor Relations Board under the authority of 28 U.S.C. § 1478. The NLRB challenged the authority of the bankruptcy court to assume jurisdiction of the NLRB's proceeding under the removal statute. The bankruptcy court refused to remand the case and the NLRB appealed. We grant leave to appeal the court's interlocutory order, 28 U.S.C. § 1482(b), and reverse.

### I. FACTS

Adams, a pharmaceutical delivery service, was a party to a collective bargaining contract with the Teamsters Union. The subject of the present litigation is the discharge of an employee, Dennis Wilson.

On August 30, 1978 the NLRB found the firing was an unfair labor practice under § 8(a) of the National Labor Relations Act (the "Labor Act"). The primary issue was whether Wilson had been fired for discussing an overtime pay dispute with his union representative. In accordance with the Labor Act, the NLRB sought judicial enforcement of its order before the Ninth Circuit.

See Labor Act §§ 10(e), 10(f). The Ninth Circuit enforced the order by a decision dated August 26, 1980. NLRB v. Adams Delivery Service, Inc., 623 F.2d 96 (9th Cir. 1980). The case was then returned to the NLRB for determination of the amount of backpay to be awarded to Wilson in accordance with the Labor Act's bifurcated system of determination of liability and liquidation of claims.

The hearing began before an NLRB Administrative Law Judge ("ALJ") on July 9, 1981, but was continued until August 6, 1981 in order to allow Adams to obtain certain documents it had subpoenaed. On August 5, 1981, Adams filed its Chapter 11 petition under the Bankruptcy Code. On August 6, 1981, prior to the appointed time of the NLRB hearing, Adams filed an application for removal of the NLRB proceeding to the bankruptcy court and notified the NLRB that the proceeding was subject to the automatic stay provisions of the Bankruptcy Code. See 11 U.S.C. § 362. At the reconvened hearing, Adam's bankruptcy and labor counsel both refused to formally participate on the grounds that the hearing was stayed. Notwithstanding this, the NLRB submitted its case to the ALJ.

The ALJ then ordered briefs to be filed by September 8, 1981. On September 10, 1981 Adams sought and obtained an injunction from the bankruptcy court in the removed proceeding. The injunction prohibited the NLRB from pursuing the proceeding. However, the injunction was directed only to the NLRB qua litigant and did not purport to enjoin the ALJ.

Meanwhile, the NLRB sought a remand order from the bankruptcy court on the grounds that the purported removal was ineffective. While the remand motion was pending, the ALJ issued findings unfavorable to Adams which were later adopted by the NLRB.

On November 10, 1981 the bankruptcy court refused to remand the action even though it refused to expressly find that the removal was properly effected. In part this was based upon the events that occurred after removal and after the exercise of its injunctive powers. The court concluded:

If NLRB's contention that this court is without jurisdiction and the automatic stay and temporary restraining order are void is correct there is no need to remand as the NLRB proceedings have continued regardless of the removal. If this court has jurisdiction it concludes that it should not remand in light of the proceedings which have been taken adverse to debtor. *Appellant's Excerpts of Record* at 163. It is that failure to remand that the NLRB now appeals. The NLRB was granted leave to appeal on February 9, 1982.

## II.  ISSUES

The NLRB's appeal presents two issues to the panel:

(1) Does 28 U.S.C. § 1478(b) preclude this panel from reviewing the bankruptcy court's refusal to remand the case?

(2) Is a NLRB backpay liquidation proceeding subject to removal under 28 U.S.C. § 1478? We conclude that the answer to both questions is no.

## III.  JURISDICTION TO REVIEW

■ Adams claims that the trial court's order is not reviewable under 11 U.S.C. § 1478(b). That section precludes review of a bankruptcy court order granting or denying a request to remand a claim or cause of action. We hold that if the court *has jurisdiction* over a matter which has been removed pursuant to § 1478(a), its ruling on such a request to remand is within its absolute discretion and not subject to appellate review. But where an action has been wrongfully removed to a court with no jurisdiction, a motion to remand is not directed to the discretion of the court but is a challenge to the court's power to entertain the matter at all. A court always has the power to determine whether it has jurisdiction. In effect, the NLRB is not seeking review of the court's decision denying its motion to remand, rather it is challenging the jurisdiction of the trial court.

Apparently the NLRB styled its jurisdictional challenge as a "request for remand" because that is the terminology historically used with respect to removals to the United States District Courts and is the terminology used by Interim Bankruptcy Rule 7004(j) (adopted in the Northern District of California as a local rule) regarding jurisdictional challenges to the removal of civil actions. This result is consistent with the legislative history of the Bankruptcy Reform Act of 1978 which enacted § 1478. It is clear that the authors of the principal House committee report on the subject contemplated that jurisdictional challenges to the removal of an action or claim would be heard by the appellate courts as are such challenges in the case of actions removed to the district courts. *See* House Report 95–595, 95th Cong.2d Sess. at 51, U.S.Code Cong. & Admin.News 1978, p. 5787. Although the clause which provides that decisions under § 1478(b) not to remand are not reviewable was added later in the legislative process to the then proposed § 1478, we are aware of nothing in the legislative history indicating an intention to prevent review of a decision to assume jurisdiction over a case beyond the scope of the bankruptcy court's powers. Neither are we aware of any judicial authority for such a proposition. The sole case cited by Adams, *Harlow v. Sargent,* 14 B.R. 267 (Bkrtcy.D. Vt.1981), is distinguishable since it dealt with an attempt to appeal an order remanding a case to the state courts, not a decision, as is the case here, to assume jurisdiction over a controversy allegedly beyond the court's authority.

■ We construe the trial court's refusal to remand in the face of the NLRB's objection as a determination that the removal was proper. Notwithstanding the court's equivocal language, its manifested intention to proceed evidences a determination that the case was removed in accordance with the statute. Accordingly, we conclude that the question is properly before us for review.

## IV.  REMOVABILITY OF NLRB PROCEEDINGS

■ The question whether the NLRB proceedings are subject to removal to the bankruptcy courts has not been the subject of any reported court decision. Removal to the bankruptcy courts was authorized for the first time by the Bankruptcy Reform

Act of 1978. The statute enacted at that time authorizes removal of a broad range of claims to the bankruptcy court:

> A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

28 U.S.C. § 1478(a).

Two of the restrictions on removability are relevant. First, only "civil actions" may be removed. Second, actions by "governmental units to enforce their police or regulatory powers" are not removable. After considering these limitations, we conclude that NLRB backpay liquidation actions are not removable.

### A. Removal Limited to Civil Actions

■ The bankruptcy removal statute is patterned on the district court removal statute, 28 U.S.C. § 1441. We agree with the editors of *Collier on Bankruptcy* that the term "civil action" as used in the statute should be read in light of the history and context of § 1441. 1 *Collier on Bankruptcy* (15th Ed.) ¶ 3.01 at 3–70, 3–71. The *Collier* editors concluded that in light of the historical use of "civil action" in connection with § 1441, "It is unlikely, that a 'civil proceeding' encompasses, for example, a proceeding before the National Labor Relations Board or other administrative agency." *Id.* ¶ 3.01 at 3–71. We reach the same conclusion.

While resort to court proceedings is required for execution of the enforced order, *see* 29 C.F.R. § 101.15 (NLRB Rules and Regulations), we find it significant that no private action arises under the Labor Act. See *Amalgamated Workers v. Edison Co.,* 309 U.S. 261, 265, 60 S.Ct. 561, 563, 84 L.Ed. 738 (1940). Thus the NLRB is not functionally a forum where private parties may present labor disputes. Rather the NLRB determines which complaints it will act upon in its own name in furthering the policies of the federal labor laws.

Adams suggests that the term "civil action" as used, in § 1478 must be construed against the NLRB as being narrower in meaning than the term "civil proceeding." *Brief for Appellees* at 18. While there may be significance in the distinction between "civil proceedings" used in the bankruptcy jurisdictional statute, § 1471(a), and "civil action" as used by the bankruptcy removal statute, § 1478, the location of the "narrower" term "civil action" in the removal provision suggests the opposite. If anything, this implies that the class of claims that are removable is less inclusive than those subject to the original jurisdiction of the bankruptcy court. Thus, it is unclear how this distinction can be construed "against" the NLRB's efforts to prevent removal.

Because, with respect to backpay liquidation proceedings the NLRB is not acting as a court, and because the concept of a civil action is inseparable from a court proceeding, the conclusion follows that such a proceeding is not a "civil action."

### B. Actions to Enforce Police & Regulatory Powers Not Removable

Our determination that NLRB backpay liquidation actions are not removable because they are not "civil actions" under § 1478(a) is consistent with the other restrictions of § 1478(a). A civil action by a "governmental unit to enforce such governmental unit's police or regulatory power" is not removable. The language of this restriction is similar to § 362(b)(4) of the Bankruptcy Code which excepts from the bankruptcy automatic stay "the commencement or continuation of an action or proceeding by a governmental unit to enforce such unit's police or regulatory power." It is obvious some effort was made by Congress to coordinate § 362(b) with § 1478(a) to ensure that certain proceedings that continue unabated by the automatic stay cannot be disrupted by removal to the bankruptcy court by the debtor. But Congress clearly did not achieve complete congruency between § 1478 and § 362. For example, actions exempted from the automatic stay under § 362(b)(7) are generally removable. Nevertheless, we believe it would be anomalous to interpret the "police and regula-

tory" provision contained in § 1478 so as to permit removal of causes of action that are not subject to the automatic stay because of § 362(b)(4). Thus, we turn to the interpretation of § 362(b)(4).

The Ninth Circuit has not ruled whether § 362(b)(4) exempts proceedings before the NLRB from the automatic stay. In *In re Bel Air Chateau Hospital,* 611 F.2d 1248 (9th Cir.1979), decided under the prior Bankruptcy Act, the court ruled that the automatic stay provisions of Rule 11–44(a) did not apply to an action for unfair labor practices pending before the NLRB. While the court disclaimed any views on the application of § 362(b)(4), it suggested that its decision regarding Rule 11–44 under the Act "appears harmonious" with the Bankruptcy Code and that "(s)ection 362 makes explicit the principles of the old bankruptcy law: stays of regulatory proceedings should not be automatic but are appropriate when it is likely that the court proceedings will threaten the estate's assets." *Id* at 1251. *Accord: Shippers Interstate Service Inc.,* 618 F.2d 9 (7th Cir.1980). In reaching this result, the *Bel Air* court relied upon the policies enunciated in *Nathanson v. NLRB,* 344 U.S. 25, 30, 73 S.Ct. 80, 83, 97 L.Ed. 23 (1952):

The Supreme Court held that the Board, not the bankruptcy court, should liquidate the amount of the back pay award owed by the bankrupt to its employees under a Board order. According, to the Court, where the matter has been entrusted by Congress to an administrative agency, the bankruptcy court should normally stay its hand pending administrative decision because Congress entrusted to the agency the authority to determine appropriate remedies.

*In re Bel Air Chateau Hospital, Inc.,* 611 F.2d at 1250.

Since the *Bel Air* decision, the Fifth Circuit has squarely held that § 362(b)(4) exempts an unfair labor practice proceeding before the NLRB. *NLRB v. Evans Plumbing Co.,* 639 F.2d 291 (5th Cir.1981).

These holdings, that the automatic stay does not apply to NLRB proceedings because of the "police and regulatory" excep-

tion, are consistent with and bolster our conclusion that NLRB proceedings may not be removed to the bankruptcy court.

In its decision refusing to remand, the bankruptcy court relied upon *In re Barber, Inc.,* 13 B.R. 962 (Bkrtcy.N.D.Tex.1981) and *In re Unit Parts Company,* 9 B.R. 386 (Bkrtcy.D.W.D.Okl.1981). Both deal with the power of the bankruptcy courts to determine questions regarding allowability, amount, and priority of unfair labor practice claims when presented against the estate. Our decision is not inconsistent with either case. Our decision does not address these questions.

In sum, we hold that if the court has jurisdiction over the matter removed to it, that the decision to remand or not to remand is not reviewable. However, if the court has no jurisdiction over the removed matter, the court refusal to remand is reviewable and should be reversed.

REVERSED and REMANDED to the trial court with instructions to remand the proceeding to the NLRB.