In re KAWANO, INC., a California corporation, Debtor.

KAWANO, INC., a California corporation, Plaintiff,

v.

STATE OF CALIFORNIA AGRICULTURAL LABOR RELATIONS BOARD, Defendant.

Bankruptcy No. 82–5249–K11.

Adv. No. C83–0252–K11.

United States Bankruptcy Court, S.D. California.

Feb. 25, 1983.

David L. Osias, Gray, Cary, Ames & Frye, San Diego, Cal., for debtor/plaintiff.

Ira Gottlieb, United Farm Workers, Keene, Cal., for United Farm Workers.

Robert Farnsworth, Agricultural Labor Relations Bd., State of Cal., Sacramento, Cal., for defendant.

## MEMORANDUM OF OPINION

HERBERT KATZ, Bankruptcy Judge.

The above-named debtor seeks a preliminary injunction to enjoin the State of California Agricultural Labor Relations Board (ALRB) from proceeding with their back-pay specifications.

Prior to the filing of the instant petition, the ALRB had made findings of unfair labor practices against Kawano, Inc. Those findings and the judgment rendered thereon have become final. Subsequently, and prior to the institution of the within Chapter 11 proceeding, the ALRB commenced an action to establish the amount of the claim to which the employees of Kawano would be entitled as a result of the aforementioned unlawful labor practice. Those hearings were scheduled to commence subsequent to the filing of the instant bankruptcy proceeding.

Upon the filing of the bankruptcy proceeding, counsel for the debtor advised both the ALRB, as well as the United Farm Workers of America (UFW), the entity representing the employees involved, that in their opinion the ALRB proceedings were stayed pursuant to 11 U.S.C. § 362. The ALRB and UFW disagreed with this position and proceeded forward with the back-pay proceeding. The debtor chose not to appear at the preliminary hearing thereon. As a result, the ALRB law judge ordered the debtor to comply with certain pre-hearing procedures by February 4, 1983, and scheduled the back-pay hearing for February 14, 1983. As a result of these acts the debtor filed the instant adversary proceeding seeking a permanent injunction against

the ALRB. On February 2, 1983, a temporary restraining order was issued in the above-entitled matter pending the hearing on the issuance of a preliminary injunction initially set for February 8, 1983, but continued on the court's motion to February 9, 1983.

The debtor seeks the relief prayed for on two bases. First, the debtor alleges that the ALRB is stayed by the provisions of § 362 of the Bankruptcy Code. Secondly, the debtor alleges that if § 362 does not stay the ALRB from proceeding, then the court, under the powers given it by § 105 of the Bankruptcy Code, ought to enjoin the ALRB from proceeding because it would be an undue burden upon the debtor to devote the efforts and costs involved to defend itself at least until it is determined whether this debtor will be able to reorganize or not. As best I can determine, the debtor's argument is that proceeding with the ALRB back-pay hearings will "threaten" the assets of the estate. It goes without saying that both the ALRB and the UFW vigorously oppose the granting of injunctive relief.

■ I believe that the issue of whether the automatic stay prevents the ALRB from conducting either proceedings to determine whether an unlawful labor practice is being committed or to establish the claims of employees which were the subject of such unlawful labor practice has been squarely settled in this circuit by the cases of *In re Adams Delivery Service,* 24 B.R. 589 (9th Cir.Bkrtcy.App.1982) and *In re Tucson Yellow Cab,* 21 B.R. 166 (9th Cir. Bkrtcy.App.1982). The holding of those cases makes it clear that § 362 simply does not apply in these situations.

The issue whether to grant the injunctive relief under § 105 is slightly different. It is my feeling that there is no prohibition against issuing an injunction against the ALRB's proceeding with its statutory procedures, provided the debtor can establish a case for such relief.

A party is entitled to a preliminary injunction only if the court finds that (1) the plaintiff will suffer irreparable injury if the injunctive relief is not granted; (2) the plaintiff will probably prevail on the merits; (3) in balancing the equities, the defendant will not be harmed more than the plaintiff is helped by the injunction; and (4) granting the injunction is in the public interest. *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.,* 526 F.2d 86, 87 (9th Cir.1975). The preceding case is the seminal Ninth Circuit case establishing the requirements for obtaining the relief sought.

In analyzing the requirements for the granting of injunctive relief, it must be borne in mind that the requirements are in the conjunctive, not disjunctive.

■ I have reviewed the pleadings and declarations filed by the debtor and am convinced that the debtor will not suffer irreparable injury. It might suffer inconvenience and expense but those items do not constitute irreparable injury. The debtor is not likely to prevail on the merits because the expertise of establishing the amount of back pay is clearly within the ALRB and is not subject to permanent injunction by the Bankruptcy Code in order to permit that court to establish the amounts due employees. The labor proceeding has now been pending since either late 1977 or early 1978. During all of this time the employees entitled to the back pay have been waiting patiently while this matter has wound its way through the court system. In balancing the equities it appears to me that they are tipped in favor of the ALRB and the UFW. Their constituencies, the employees, will be harmed more by the issuance of the injunction and the delay in having their claims finally fixed than will the debtor in having to expend certain energies and moneys in order to defend itself. It is further my opinion that the granting of an injunction in this case to stay the ALRB from its statutory duty, and the reform of its regulatory power, would be contrary to the public interest.

Counsel for the debtor has attempted to show that permitting the ALRB to proceed threatens the estate. As I understand that

term, it means something more than the diversion of the debtor's energies or incurring attorneys' fees. All that has been shown to this court is that that is exactly what will happen. I do not view that as a threat sufficient to permit me to issue the preliminary injunction requested and therefore the relief prayed for is denied.

The ability of the ALRB to fix the amount of the back-pay claim of each employee does not impinge upon the right and duty of the bankruptcy court to determine the allowability or priority of such a claim once filed in the proceeding, including the determination of interest payable, pursuant to general bankruptcy law.

This memorandum shall, pursuant to FRCP 52 and Bankruptcy Rule 752, constitute the Findings of Fact and Conclusions of Law herein. Counsel for ALRB is to prepare and lodge an order in conformity with this opinion within 10 days of the date hereof.