**In re SSS OF KENTUCKY, INC., Debtor.**

**SSS OF KENTUCKY, INC., Michael J. Clare, Trustee, Plaintiffs,**

v.

**LAWRENCE PICUS POS OF KENTUCKY, INC., Defendants.**

**Bankruptcy No. 3–81–01753.**
**Adv. No. 3–82–0405.**

United States Bankruptcy Court, W.D. Kentucky.

March 28, 1983.

James S. Goldberg, Louisville, Ky., for debtor.

Michael J. Clare, Louisville, Ky., trustee.

Nathan Weil, III, Jacksonville, Fla., for defendants.

Lawrence J. Bernard, Jr., Washington D.C., for defendants.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

A complaint was filed by SSS of Kentucky, Inc., debtor herein, and Michael J. Clare, the duly appointed trustee, seeking a temporary restraining order to enjoin and prohibit the commencement and continuation of actions in violation of the automatic stay of 11 U.S.C. § 362.

The bankruptcy petition was originally filed seeking relief pursuant to the provisions of Chapter 11 of the Bankruptcy Code on July 6, 1981, and was later converted to a Chapter 7 proceeding on March 19, 1982. Included as an asset of the estate and the subject matter of this controversy were broadcasting license rights for the operation of an AM radio station using the call letters WOBS. Pursuant to this complaint, a hearing was held on November 19, 1982, at which time a temporary restraining order was entered by this Court pursuant to Rule 765, Rules of Bankruptcy Procedure, and Rule 65 of the Federal Rules of Civil Procedure, precluding the defendants from further proceeding with a formal protest to the transfer of the license in question filed with the Federal Communications Commission.

A hearing was held on November 29, 1983, on the merits of whether a permanent injunction should issue regarding this matter, and briefs in support of the respective positions of the parties have been filed of record.

This dispute originated as a result of the sale of the license rights of the radio station which was conducted in open court upon petition by the trustee. There is no question but that proper notice of the sale was given, and said sale ultimately resulted in an order by this Court approving the sale of the call letters WOBS to Agape Communications, Inc., for the sum of $102,500.00.

By order dated September 16, 1982, this Court reaffirmed a previous order dated May 21, 1982, which approved the sale of the debtor's AM radio broadcast license to Messrs. Porter and Wynn, subject to approval by the Federal Communications Commission to the sale, transfer and assignment of said license to the proposed purchasers. Additional assets relating and necessary to the operation of the license were purchased by Messrs. Porter and Wynn pursuant to an order entered on October 25, 1982. Thereafter, the trustee and purchasers jointly filed an application before the Federal Communications Commission requesting approval of transfer and assignment of the AM radio broadcast license to the prospective buyers.

On or about November 15, 1982, Lawrence Picus and POS of Kentucky, Inc., filed a formal protest before the Federal Communications Commission opposing the application for transfer, and the debtor and trustee subsequently filed this adversary proceeding for injunctive relief to preclude defendants from protesting before the FCC.

Essentially, the issue is whether the Bankruptcy Court has the authority in the enforcement of its order of sale to deny the filing of oppositions before the duly authorized regulatory agency charged by Congress with approval of such transfers.

Initially it must be recognized that those here sought to be enjoined have followed the duly prescribed procedures adopted by the Federal Communications Commission in considering whether such approvals should be granted. In addition, at the time of the court-conducted sale, the transfer of the asset in question was specifically conditioned upon approval obtained from the licensing agency, and any interested purchasers were on notice that their offers to purchase were conditioned upon obtaining such approval.

The purchasers and trustee now seek through injunctive procedures to preclude the valid exercise of the authority delegated by Congress to this administrative agency in the utilization of its discretion by limiting the right of defendants to appear before the agency and be heard on the merits. This Court, through its order of

May 21, 1982, by conditioning the sale upon FCC approval, specifically recognized the total jurisdiction of the FCC in performing its responsibilities without interference thereafter through injunctive orders issued by this Court. To allow the relief sought by the trustee and purchasers would in effect repose in the Bankruptcy Court the authority to determine who could appear before the FCC on such matters in direct derogation of the authority of that agency.

█ The argument is made that by failing to object before this Court at the time of the sale, the defendants waived the right to oppose the application before the FCC. It must be recognized that the purpose of allowing objections to a proposed sale before this Court is to insure that proper notice is afforded and to protect the interests of creditors in the disposal of estate assets. Objections before the Federal Communications Commission are based on substantially different criteria, and the validity of such objections as well as the right to assert those objections lies within the exclusive province of that agency. Accordingly, the argument advanced that the failure to object before this Court constitutes a waiver of other administrative remedies is expressly rejected.

In the case of *In Re Adams Delivery Service, Inc.,* 24 B.R. 589, 7 C.B.C.2d 672 (9th Cir., B.A.P.1982), the debtor-in-possession purported to remove to the Bankruptcy Court a proceeding pending before the National Labor Relations Board. The NLRB challenged the authority of the Bankruptcy Court to assume jurisdiction of the NLRB's proceeding under the removal statute. The Bankruptcy Court refused to remand the case, and the NLRB appealed. In reversing the decision of the Bankruptcy Court, the Appellate Panel found that the automatic stay of 11 U.S.C. § 362 did not apply because the NLRB proceeding fell under the exception given to the exercise of police and regulatory actions found in 11 U.S.C. § 362(b)(4). Also see 2 *Collier on Bankruptcy,* ¶ 362.05[4] (15th Ed.1979).

The court in *Adams Delivery, supra,* relied upon such case precedent as *In Re Bel Air Chateau Hospital,* 611 F.2d 1248 (9th Cir.1979), and *Nathanson v. NLRB,* 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952). In *Bel Air,* decided under the prior Bankruptcy Act, the court found that the automatic stay provisions of Rule 11–44(a) did not apply to an action for unfair labor practices pending before the NLRB. While this court disclaimed any views on the application of § 362(b)(4), it suggested that its decision regarding Rule 11–44 under the Act "appears harmonious" with the Bankruptcy Code and that "[s]ection 362 makes explicit the principles of the old bankruptcy law: stays of regulatory proceedings should not be automatic but are appropriate when it is likely that the court proceedings will threaten the estate's assets." 611 F.2d at 1251. *Accord: Shippers Interstate Service, Inc.,* 618 F.2d 9 (7th Cir.1980). In reaching this result, the *Bel Air* court relied upon the policies enunciated in *Nathanson v. NLRB, supra:*

"... according to the Court, where the matter has been entrusted by Congress to an administrative agency, the bankruptcy court should normally stay its hand pending administrative decision because Congress entrusted to the agency the authority to determine appropriate remedies."

*In Re Bel Air Chateau Hospital,* 611 F.2d at 1250.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, Rules of Bankruptcy Procedure.

WHEREFORE, in view of the foregoing and the Court being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the automatic stay provisions of 11 U.S.C. § 362 do not apply to the proceedings presently pending before the Federal Communications Commission, and the complaint for injunctive relief be and is dismissed. This is a final order.