### In re INTERNATIONALE RESORT AND BEACH CLUB, A South Carolina Partnership, Debtor,

### Harold and Sandra CALDWELL, Claimants,

v.

### INTERNATIONALE RESORT AND BEACH CLUB, Seller.

### Of which: William E.S. ROBINSON, Trustee, Third-Party Plaintiff,

v.

### SOUTH CAROLINA REAL ESTATE COMMISSION, Third-Party Defendant.

### Bankruptcy Nos. 83–1048, 83–00510.

United States Bankruptcy Court, D. South Carolina.

Dec. 27, 1983.

Richard C. Dolce, Columbia, S.C., for claimants.

David E. Martin, Hartsville, S.C., for South Carolina Real Estate Commission.

William E.S. Robinson, Columbia, S.C., trustee.

## ORDER

RUFUS W. REYNOLDS, Bankruptcy Judge.

This matter comes before me as the result of removal by the Trustee for the above-named Debtor of a proceeding before the South Carolina Real Estate Commission brought by the above-named claimants. On review of the Application for Removal, I Order that this matter be remanded to the South Carolina Real Estate Commission. I further Order relief from the automatic stay under § 11 U.S.C. 362(a) to the extent that it may apply to the proceeding before the South Carolina Real Estate Commission.

## FINDINGS OF FACT

On March 22, 1983, the Internationale Resort and Beach Club, a South Carolina Partnership, filed a Voluntary Petition under Chapter 11 of the Bankruptcy Reform Act of 1978, Public Law 95–598, November 6, 1978, hereinafter, the Bankruptcy Code.

The Internationale was, at the time of the filing of the Petition, engaged in the marketing and management of vacation time sharing unit in the Myrtle Beach, South Carolina Area. On or about August 8, 1983, the Caldwells filed with the South Carolina Real Estate Commission a verified Claim For Recovery from the Vacation Time Sharing Recovery Fund. The Trustee for the Internationale was served with the Claim on August 25, 1983, and on October 3, 1983, filed with this Court a verified Answer to the Claim, A Third Party Complaint against the South Carolina Real Estate Commission, a Notice of Removal and an Application For Removal. The Trustee's Answer, Third Party Complaint, Notice and Application were duly served on the attorney for the Caldwells and the South Carolina Real Estate Commission.

In their claim filed with the South Carolina Real Estate Commission, the Caldwells allege that the debtor violated provisions of Chapter 32 of Title 27 of the South Carolina Code of Laws 1976 (1982 Cumm.Supp.) (hereinafter, the South Carolina Code), and they seek recovery from the Vacation Time Sharing Recovery Fund in the amount of $1,669.47.

Chapter 32, Title 27 of the South Carolina Code deals exclusively with Vacation Time Sharing Plans. It addresses the establishment and operation of such plans in the State of South Carolina, and has comprehensive provisions specifying the procedures for the registration of such plans and the licensing of sellers of vacation time sharing units. Also specified are matters to be disclosed in contracts for the sale or lease of such units, prohibited practices in the promotion and marketing of time sharing plans and penalties for the violation of the provisions of the chapter. The Vacation Time Sharing Recovery Fund is established by the chapter (§ 27–32–200), and a procedure to seek compensation from the fund is specified (§§ 27–32–210 through 27–32–230). The South Carolina Real Estate Commissioner is tasked with the responsibility of implementing and enforcing the provisions of Chapter 32 (§ 27–32–130), to include the promulgation of necessary regulations.

Claims against the Recovery Fund are to be investigated by the Commissioner and arbitrated by a Board of Arbitrators consisting of the Commissioner and a member appointed by each of the Claimant and the Licensee (Seller) against whom the Claim is being made. Any recovery from the fund is limited to actual damages incurred after January 1, 1982 not to exceed $5,000.00 per transaction. (§§ 27–32–210(2), 27–32–220(1) and 27–32–220(2)). Recovery from the fund against any one licensee is limited in the aggregate to $10,000.00 per calendar year and in no event shall it exceed $20,-000.00 for any one licensee (§ 27–32–220(3)). Upon payment of a claim from the fund, the license of the offending licensee is automatically revoked, and is to be reinstated only after payment to the fund of the claim amount plus interest at the rate of eight (8%) percent per annum. (§ 27–32–230(b)).

The Claim submitted by the Caldwells alleges that the contract which they signed with the Internationale is in violation of § 27–32–100 (Matters to be disclosed in Contract). The Caldwells further allege that they voided the contract and demanded refund of all consideration paid thereunder in accordance with the provisions of § 27–32–120 ("Penalties for violation of Chapter; effect on Contract"). The claim goes on to allege that their demand was ignored and that, under § 27–32–210, they are eligible to seek recovery from the fund.

In his Answer, the Trustee established as a defense the fact that Internationale is engaged in Reorganization under Chapter 11 of the Bankruptcy Code, and has not intentionally ignored the Caldwell's request. Rather, he alleges that he, as Trustee, is attempting to protect the Caldwell's claim against the Debtor through the Reorganization, which will afford them adequate protection. The Trustee also states a Third Party Complaint against the Real Estate Commission citing local Rule M82–3 and 28 U.S.C. § 1334 as the basis of this Court's jurisdiction and Bankruptcy Rule 7014 and Federal Rule of Civil Procedures 14 as the procedural foundation of the Third Party

Complaint. The Third Party Complaint basically asks this Court to enjoin the South Carolina Real Estate Commission from payment of the Caldwell's Claim and like claims against the Vacation Time Sharing Fund.

Finally, the Trustee, in his Application for Removal, alleges that this Court has jurisdiction over the Caldwell's Claim pursuant to Local Rule M82–3 and 28 U.S.C. § 1334. Therefore, it is alleged that the Claim may be removed by this Court pursuant to 28 U.S.C. § 1478. As support for his contention that removal is proper in this matter, the Trustee contends that if the Caldwells are successful in recovering from the fund, the reorganization plan will be irreparably harmed in that the Internationale's license to market the time share units will be revoked until such time as the fund has reimbursed in accordance with the statutory requirements. The Trustee envisions a vicious cycle of claims, leading to reimbursements which replenish the fund, which in turn, lead to more claims, causing a serious depletion of the assets of the Internationale, and hindering or halting marketing efforts under the Reorganization plan.

## CONCLUSIONS OF LAW

### I. Lack of Jurisdiction.

■ 28 U.S.C. § 1471, created by Public Law No. 95–598 (1978) is the Jurisdictional Statute for Bankruptcy Courts. Although § 1471 is not effective until April 1, 1984, Section 405 of Public Law 95–598 gives 28 U.S.C. § 1471 the same effect during the period of October 1, 1979 to March 31, 1984, as it will have after April 1, 1984. *See 1 Collier on Bankruptcy* ¶ 3.01. Local Rule M82–3 has been adopted in response to *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), and it, "assumes that *Marathon* causes no jurisdictional lapse, and that *Marathon* has not invalidated 28 U.S.C. § 1471(a) and (b)" *1 Collier on Bankruptcy,* Blue Pages preceeding Chapter 3.

For the Bankruptcy Court to have jurisdiction of this matter, the matter must be "a case under title 11" (28 U.S.C. § 1471(a)) or "a civil proceeding arising under title 11 or arising in or related to cases under title 11" (28 U.S.C. § 1471(b)). In this matter Claimant's claim is brought under § 27–32–210 of the South Carolina Code, and is therefore not a "case under title 11 or a civil proceeding arising under or in title 11". *See 1 Collier on Bankruptcy* ¶ 3.01. If there is to be Bankruptcy Court Jurisdiction of this matter, it must be "a civil proceeding ... related to cases under title 11."

Local Rule M82–3 defines a Related Proceeding as one that, "in the absence of a petition in bankruptcy, could have been brought in a district Court or a state Court." This claim could not have been brought in a State Court. The Statute that creates the Claim action specifies the "Commissioner (of the Real Estate Commission) shall schedule an arbitration of the Claim" (§ 27–32–210(c) South Carolina Code) §§ 27–32–220 and 27–32–230 describe procedural requirements of the arbitration, provide that the decision of a majority of the arbitrators shall rule, and so on. And § 14–1–70, of the South Carolina Code, "Designation of the Several Courts of the State" does not include in its listing of Courts this Real Estate Commission Arbitration Panel.

This action is directly a claim against a Fund administered by the Real Estate Commission (*See* §§ 27–32–210 through 27–32–230). While the end effect of an award to the Claimants from the fund is that, in this situation, a Bankruptcy Debtor will have refund to the Commission any amount awarded from the fund, this action sought to be removed is not itself a claim against the debtor and is therefore not a matter concerning the administration of the Estate.

Nor is this a "Civil Action" as required by 28 U.S.C. § 1478(a). The action removed from the Real Estate Commission is, by the definition of the statute creating it, an arbitration action (§ 27–32–210) by a Board of Arbitrators formed by the Commissioner of the Real Estate Commission. As such, this

action is part of an administrative proceeding designed to determine whether or not a violation of the statutes and/or regulations governing Vacation Time Sharing Operations in South Carolina has occurred. *See In Re. Adams Delivery Service, Inc.,* 24 B.R. 589, 592 (Bkrtcy.1982).

What the Trustee is removing is an action before a Governmental Unit of the State of South Carolina which is acting to enforce its police or regulatory power (in this case the power to grant and revoke licenses), and therefore is specifically not removable under 28 U.S.C. § 1478(a). *In Re Adams Delivery Service, Inc.,* 24 B.R. 589, 591 (Bkrtcy.1982), *In Re Wellington Resources Corporation,* 20 B.R. 64, 70 (Bkrtcy.1982). Even if this Court were to conclude that the Board of Arbitrators was functioning as a Court, it is evident that the South Carolina Real Estate Commission is a Unit of the Government of South Carolina (§§ 40–57–50 and 27–32–130, South Carolina Code.) § 27–32–130 places on the Commission the responsibility for the enforcement and implementation of Chapter 32 of Title 27, including the responsibility to grant and suspend licenses to sell or lease Time Sharing Units in the State of South Carolina. It is this Title and Chapter which includes the sections establishing the recovery fund and the procedures for recovery from the fund, including the revocation of the license of the offending seller (§§ 27–32–200 through 27–32–230). In proceeding with this claim, the Real Estate Commission is clearly acting to enforce the powers and responsibilities granted it as a Governmental Unit of the State.

Thus, it is the conclusion of this Court that it does not have jurisdiction over the Caldwell's claim. Lacking jurisdiction over the claim this Court has no power to remove the claim from the South Carolina Real Estate Commission.

*II. Remand on Equitable Grounds.*

■ 28 U.S.C. § 1478(b) provides that, "The Court to which such claim or cause of action is removed may remand such claim or cause of action or any equitable ground." Assuming, for the purposes of argument,

that this Court does in fact have jurisdiction over the Caldwell's Claim, and thus the power to remove it, then for equitable reasons the Court chooses to remand the claim back to the South Carolina Real Estate Commission. This decision to remand is based on the best interests of all parties involved in this matter.

The Real Estate Commission is the agency tasked with the responsibility of administration statutes and regulations dealing with the highly technical area of Vacation Time Sharing. The administrative process established by the Legislature of South Carolina to hear and resolve claims of wrongdoing by units of the vacation time sharing industry involves investigation of the Claim by the Commission and arbitration of the issues by a panel headed by a Commission member (§§ 27–32–210, 27–32–230, South Carolina Code.) Therefore, the State of South Carolina has established a procedure to resolve disputes in a technical area before an administrative body which has or has access to the necessary expertise. The Bankruptcy Court, in hearing this matter, would not have access to the technical staff. Nor does the Bankruptcy Court have any authority to order an award from the Vacation Time Sharing Fund, or to administer it as required by the South Carolina Statutes (§§ 27–32–220 and 27–32–230). Therefore, a remand back to the Commission is equitable to all the parties and would serve to bring about a fair adjudication of the issues raised by the claim.

The concerns raised by the Trustee that the Caldwell's potential recovery from the fund may start a "vicious cycle" which would harm the reorganization effort may be valid, but only to the extent of the $20,000.00 limit for recovery against any one licensee which is placed on recoveries against the fund by statute. (§ 27–32–220(3)). The Trustee will simply have to build into his plan the fact that successful claims against the Time Sharing Recovery Fund up to the amount of $20,000.00 must be repaid.

A remand back to the South Carolina Real Estate Commission is also well based

**194**

on the doctrine of Abstention as stated in *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424. In that case, the Court held that, "Although a federal equity Court does have jurisdiction of a particular proceeding, it may, in its sound discretion . . . . 'refuse to enforce or protect legal rights, the exercise of which may be prejudicial to the public interest'; for it 'is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy' " *Id.* 319 U.S. at 317, 318, 63 S.Ct. at 1099.

In *Burford,* the Court was asked to consider the issue of a Federal Court hearing a suit to enjoin the execution of an Order of the Texas State Railroad Commission. Based on the reasoning that the Commission was acting to vindicate the interests of the State of Texas in a complex area of great importance to Texas, the Court ruled that, "These questions of regulation of the industry by the state administrative agency . . . so clearly involve basic problems of Texas policy that equitable discretion should be exercised to give the Texas Courts the first opportunity to consider them." *Id* 319 U.S. at 332, 63 S.Ct. at 1106.

In this instance, the South Carolina Real Estate Commission, in furtherance of their regulatory responsibilities should be given the opportunity to consider the issues raised by the Caldwell's claim. Therefore, this Court exercises the "equitable discretion" referred to by the *Burford* Court in remanding this matter back to the Commission.

It is also necessary to point out that, under 28 U.S.C. § 1478(b), "an order . . . remanding a claim or cause of action . . . is not reviewable by appeal or otherwise."

This Court concludes that, if it does have jurisdiction over the Caldwell's claim, and thus the power to remove that claim, then the claim should be, and is, remanded back to the South Carolina Real Estate Commission.

*III. The Stay.*

In finding that the Caldwell's claim is in fact an action or proceeding by a governmental unit to enforce such units' police or regulatory power, and therefore is either not subject to this Court's jurisdiction, or is properly remanded back to that unit, this Court also finds that the claim is excepted from the automatic stay under § 362(b)(4) of the Bankruptcy Code. *In Re Adams Delivery Service,* 24 B.R. 589, 592–593 (Bkrtcy.1982).

THEREFORE, IT IS ORDERED THAT:

1. This matter be remanded to the South Carolina Real Estate Commission on the grounds that this Court lacks jurisdiction over the Caldwell's claim, or on the alternative grounds that such a remand is equitable and based on the doctrine of abstention.

2. The action so remanded is excepted from the automatic stay under § 362(b)(4) of the Bankruptcy Code.

IT IS SO ORDERED.