**In re ALTAMIRCO, Debtor.**

**REDEVELOPMENT AGENCY OF the CITY OF LONG BEACH, CALIFORNIA, Plaintiff,**

**v.**

**ALTAMIRCO, a Limited Partnership; State of California; Rena MacDavid, formerly Rena Derry; William M. Hiatt; Albert Stevenson; Safeco Title Insurance Company, Trustee; Occidental College; Stan-Shaw Corporation, Trustee; the Westlands Bank; System Auto Parks and Garages, Inc.; and All Persons Unknown Claiming any Title or Interest in or to the Property, Defendants.**

**Bankruptcy No. SA 85–03353 RP.**
**Ref. No. M5–1990 RP.**

United States Bankruptcy Court, C.D. California.

Jan. 10, 1986.

Erithe A. Smith, McKittrick, Jackson, DeMarco & Peckenpaugh, Newport Beach, Cal., for debtor.

John R. Calhoun, City Atty., Long Beach, Cal., for Redevelopment Agency of the City of Long Beach, Cal.

Richard Laskin, of Oliver, Stoever & Laskin, Los Angeles, Cal., sp. counsel for Redevelopment Agency of the City of Long Beach, Cal.

RALPH G. PAGTER, Bankruptcy Judge.

The Long Beach Redevelopment Agency ("Agency") seeks relief from stay to prosecute its state court actions to acquire cer-

tain real property of debtor Altamirco by eminent domain. Concurrently, debtor seeks reconsideration of a prior order rejecting its application to remove the condemnation actions to this court.

Agency argues that its actions are not subject to the automatic stay because: (1) The actions are by a governmental unit to enforce its police or regulatory power, 11 U.S.C. § 362(b)(4); and (2) the Agency is not a creditor of Altamirco. Debtor responds that the condemnation actions are stayed because: (1) Eminent domain is not a police or regulatory power; and (2) regardless of whether § 362(b)(4) applies, the actions are stayed under § 362(a)(3).

Agency contends that the condemnation actions may not be removed to this court in that eminent domain is a police or regulatory power, pursuant to 28 U.S.C. § 1452(a). Debtor disagrees.

For the reasons discussed below, upon reconsideration, the state court actions are hereby removed to this court and the stay is annulled for the limited purpose of accomplishing the removal.

## I. FINDINGS OF FACT

On August 21, 1985, Altamirco filed for relief under Chapter 11 of the Bankruptcy Code. On August 28, 1985, Agency, although notified of the filing, initiated three eminent domain actions in Los Angeles County Superior Court to acquire certain real property owned by the debtor. Upon posting of a $2,300,000 bond, the state court issued an order authorizing Agency to obtain prejudgment possession of the subject property.

The property is located in a designated redevelopment district within the City of Long Beach ("City"). The particular district is to be redeveloped into a mixed-use commercial complex, which will include a large hotel. On January 7, 1982, Altamirco, through its general partner, submitted a proposal for the project. On February 10, 1982, the Agency rejected Altamirco's proposal; later, the Agency accepted a proposal from another developer.

On August 12, 1985, Altamirco filed a petition for administrative mandamus in state court seeking to require Agency to abide by certain state statutes (California Health & Safety Code sections 33339, 33339.5 and 33380) allegedly granting a preference to property owners affected by a redevelopment plan, and to set aside resolutions enacted by the City and the Agency accepting the alternative proposal. This action is currently pending in the state court. The parties herein have indicated that the mandamus action can be fully adjudicated in sixty days.

## II. CONCLUSIONS OF LAW

Without question, the Agency constitutes a governmental unit as defined in 11 U.S.C. § 101(24). However, whether eminent domain is a police or regulatory power, under 11 U.S.C. § 362(b)(4) or 28 U.S.C. § 1452(a) appear to be issues of first impression.

Property may be acquired by eminent domain only if the taking is for a public use. U.S. Const., amends. V, XIV; Cal. Const. art. I, § 19. Recently, the Supreme Court held that the public use requirement is "*coterminous* with the scope of [the] sovereign's police powers." *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, ——, 104 S.Ct. 2321, 2329, 81 L.Ed.2d 186, 197 (1984) (emphasis added). Coterminous means "having the same or coincident boundaries or coextensive in scope, or duration." *Webster's New Collegiate Dictionary* 255 (1981). Consequently, although the range of permissable uses for eminent domain is potentially very similar to the scope of proper police power regulations, the two are not necessarily identical. Furthermore, federal courts have consistently distinguished between regulations falling within the police power and regulations constituting takings of property under the Fifth and Fourteenth Amendments. E.g. *Agins v. City of Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106, 112 (1980); *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104, 123–24, 98 S.Ct. 2646, 2658–59, 57 L.Ed.2d 631, 648 (1978); *MacLeod v.*

*County of Santa Clara,* 749 F.2d 541, 545 (9th Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 2705, 86 L.Ed.2d 721 (1985). Similar California case law exists. E.g. *Bacich v. Board of Control,* 23 Cal.2d 343, 144 P.2d 818 (1943). Therefore, I conclude that eminent domain power is different from police or regulatory power, and actions to acquire property by eminent domain are not excepted from the automatic stay under § 362(b)(4).

 Agency also asserts that the stay does not apply because it is not a creditor of debtor. However, 11 U.S.C. § 362(a) applies to entities rather than creditors. Since Agency is a governmental unit, it is clearly an entity, as defined in 11 U.S.C. § 101(14). Hence, Agency is stayed from prosecuting its condemnation actions under section 362(a)(1). If eminent domain were a police or regulatory power, then this court would determine whether the stay is applicable regardless of section 362(b)(4). But, the above holding makes a decision on this issue unnecessary.

The Agency filed its condemnation actions after the commencement of the instant bankruptcy case. Generally, any action done in violation of the automatic stay is void. *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 816 (9th Cir.1985). However, such actions have force and effect when the stay is annulled rather than terminated. Section 362(d) specifies a variety of forms of relief from stay which include "terminating, annulling, modifying or conditioning" the stay. 11 U.S.C. § 362(d). Although termination denotes prospective relief, annulment can have a retroactive effect. Annul is defined as to make void or of no effect, either *ab initio* or prospectively. *Black's Law Dictionary* 83 (5th ed. 1979). Had Congress intended "annulling" to afford only prospective relief, then this form of relief would be repetitive in that termination of the stay provides prospective relief. Hence, Congress must have intended that annulment renders the stay void *ab initio.*

The court further holds that eminent domain does not constitute a police or regulatory power under 28 U.S.C. § 1452(a). It would be anomalous to interpret the exact language differently in the context of relief from stay than removal, particularly considering the obvious Congressional intent to coordinate these related provisions. *In re Adams Delivery Service, Inc.,* 24 B.R. 589, 592 (Bankr. 9th Cir.1982).

For cause, this court hereby annuls the stay for the limited purpose of removing the condemnation actions to the court, but otherwise denies Agency's motion for relief from stay. If Agency prevails in the state court mandamus action, it may prosecute the condemnation actions in this court.

Given that the issue of whether eminent domain is a police or regulatory power is one of first impression, sanctions against the Agency are unwarranted.

This Memorandum Opinion supplements the Findings of Fact and Conclusions of Law entered by this court. The court has also entered a separate order consistent with the aforementioned findings and conclusions.