PER CURIAM:
 

 This case involves a petition by the National Labor Relations Board (“NLRB”) for summary entry of judgment to enforce the Board’s decision ordering the respondent Evans Plumbing Company (“Evans”) to reinstate with back pay two employees whom it discriminatorily discharged. Evans, who filed a voluntary petition in bankruptcy, opposes entry of judgment on the ground that the proceedings before the NLRB should have been stayed by the automatic stay provision of the Bankruptcy Act of 1978, 11 U.S.C.A. § 362(a)(1) (1979). We hold that this NLRB proceeding falls within a statutory exemption to the automatic stay provision and grant the Board’s petition for summary entry of judgment.
 
 [1]
 

 I.
 

 On or about February 15, 1980, Evans discharged Jack T. Lee and F. J. Meeks for complaining to their union about alleged mismanagement of their vacation funds by Evans. A charge of unfair labor practices was filed and the matter set down for a hearing. On August 8,1980, the day before the commencement of the hearing, Evans filed a voluntary petition in bankruptcy in the Northern District of Alabama. On the day of the hearing, Evans’ counsel appeared and moved to continue the Board proceedings in order that the bankruptcy court might determine whether the proceeding fell within the automatic stay provision of the Bankruptcy Act. Evans’ motion was apparently overruled and the hearing was held. On September 30, 1980, the administrative law judge (“ALJ”) found that Evans had committed an unfair labor practice by discharging Lee and Meeks and ordered them reinstated with back pay. The order was promptly transmitted to the Board to await the filing of exception by Evans. Evans failed to file any exception within the time provided by the Board’s rules and regulations and the Board adopted the ALJ’s decision. This petition followed.
 

 II.
 

 We are faced with a threshold question of first impression under the new Bankruptcy Act: whether the automatic stay provision applies to an enforcement proceeding by the NLRB. We conclude that this action falls within an exception to the automatic stay provision.
 

 The automatic stay provision, 11 U.S.C.A. § 362 (1979), provides in part:
 

 (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
 

 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose be
 
 *293
 
 fore the commencement of the case under this title;
 

 (b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—
 

 (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit’s police or regulatory power;
 

 (5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit’s police or regulatory power;
 

 As explained in the legislative history of the Bankruptcy Act of 1978:
 

 Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay. Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a governmental unit of money judgment would give it preferential treatment to the detriment of all other creditors.
 

 House Report No. 95-595, 95th Cong., 2d Sess. at 343, reprinted in 1978 U.S.Code Cong, and Adm.News, 5787, 6299.
 
 See also
 
 Senate Report No. 95-989, 95th Cong., 2d Sess. p. 52, reprinted in 1978 U.S.Code Cong, and Adm.News, 5787, 5838. The crucial issue is whether the NLRB is a governmental unit and whether this action is one to enforce police or regulatory powers. It is clear that the NLRB is a governmental unit. This action was undertaken to enforce the federal law regulating the relationship between employer and employee. We can safely conclude therefore that this is an exercise of police or regulatory powers which places it within the § 362(b)(4) exemption to the automatic stay.
 
 [2]
 

 We note that our decision today would permit the entry of judgment for injunctive relief and for back pay; however, should it be necessary to enforce the judgment for back pay, a different question would be presented. We express no opinion as to whether an action to execute or enforce a money judgment would be exempt from the automatic stay.
 
 [3]
 

 III.
 

 The Board’s petition for summary entry of judgment is hereby
 

 GRANTED.
 

 [1]
 

 . It is appropriate to dispose of this case summarily. See
 
 Groendyke Transportation, Inc. v. Davis,
 
 5 Cir., 1969, 406 F.2d 1158.
 

 [2]
 

 . Our conclusion finds some support, albeit in dicta, in two recent decisions of the Seventh and Ninth Circuits.
 
 In re Bel Air Chateau Hospital, Inc.,
 
 611 F.2d 1248 (9th Cir. 1979), and
 
 In the Matter of Shippers Interstate Service, Inc.,
 
 618 F.2d 9 (7th Cir. 1980), held that the automatic stay provisions of the old Bankruptcy Act did not operate to stay unfair labor practice proceedings before the NLRB. In
 
 In re Bei Air,
 
 the court stated:
 

 This result appears harmonious with the new bankruptcy law .... Under 11 U.S.C. § 362(a)(1) the filing of a petition will normally operate as a stay of judicial or administrative proceedings. Section 362(b)(4), however, provides that the filing of a petition does not automatically stay an action by a governmental unit to enforce the government’s police or regulatory power.
 

 611 F.2d at 1251.
 

 [3]
 

 . Similarly, we express no opinion as to whether the bankruptcy court has power under 11 U.S.C.A. § 105(a) (1979) to issue a discretionary stay notwithstanding the exemption of the Board’s action from the automatic stay.
 
 See In re King Memorial Hospital, Inc., 4
 
 B.R. 704 (Bkrtcy.S.D.Fla.1980); and
 
 In re Bel Air Chateau Hospital, Inc.,
 
 611 F.2d at 1251.