In re D. M. BARBER, INC., Debtor.

D. M. BARBER, INC., Plaintiff,

v.

Edward VALVERDE, The National Labor Relations Board, Sixteenth Region, Marvin Menaker, and the North Central Texas Laborers District Council and Laborers Locals Nos. 648 and 859, Defendants.

Bankruptcy No. 481-00035.
Adv. No. 481-0044.

United States Bankruptcy Court,
N. D. Texas,
Fort Worth Division.

Sept. 11, 1981.

Theodore Mack, Fort Worth, Tex., for D. M. Barber, plaintiff.

Marvin Menaker, Dallas, Tex., for The North Central Texas Laborers Dist. Council, & Laborers Locals No. 648 & 859.

Edward Valverde, Region 16–NLRB, Fort Worth, Tex., pro se.

Margery E. Lieber, Deputy Asst. Gen. Counsel for Special Litigation, Washington, D. C., for NLRB.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

This case arose out of a complaint filed by the debtor to hold the above-named defendants in contempt and for injunctive relief. At the hearing before the court on March 19, 1981 the debtor amended its complaint so as to waive its request for an order of contempt against the defendants and further waived its request for an injunction against the defendants from continuing with the initial stages of the Board's unfair labor practice proceeding. The debtor instead urged the court to enjoin the Board from holding a compliance proceeding in which the Board would deter-

mine the dollar amount of contributions owed by the debtor to its employees. At the conclusion of this hearing, the court preliminarily enjoined the defendants from conducting any administrative or judicial proceedings to liquidate the amount of any claimed monetary liability of the debtor.

On April 6, 1981 the Board's Administrative Law Judge issued an opinion finding that the debtor had violated certain provisions of the National Labor Relations Act. At issue is whether § 362(a)(1) of the Bankruptcy Code automatically enjoins the National Labor Relations Board from proceeding into the "compliance" stage which fixes the amount of the debtor's liability for having committed an unfair labor practice, and if not whether the court should exercise its discretionary powers to enjoin the Board under § 105 of the Code.

### THE AUTOMATIC STAY

A petition filed under the Bankruptcy Code operates as a stay applicable to all entities of the commencement or continuation of a judicial, administrative or other proceeding against the debtor that was or could have been commenced before the commencement of the case under the Code, 11 U.S.C. § 362(a)(1). The filing of a petition however does not operate as a stay of the commencement or continuation of any action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory powers, 11 U.S.C. § 362(b)(4).

In a recent decision, *Volkswagen of America, Inc. v. Dan Hixson Chevrolet Co.*, 12 B.R. 917 (Bkrtcy.N.D.Tex.1981), I concluded that governmental activities are within the § 362(b)(4) exception so long as the action relates to the enforcement of police or regulatory laws. However where the administrative agency is acting in a quasi-judicial capacity seeking to adjudicate private rights rather than effectuate public policy as defined by regulatory law the (b)(4) exception is inapplicable. "Where the agency's action concerns only the parties who are immediately affected the debtor is entitled to the same protection under § 362(a)(1) it would receive under the automatic stay if the proceeding were pending instead in a judicial forum." *Volkswagen* at 7.

Proceedings before the National Labor Relations Board are commenced by the initiative of aggrieved individual persons and thus have some characteristics of private litigation. However the case law reflects that the proceedings by the Board are not to adjudicate private rights but to effectuate public policy, *N.L.R.B. v. Shipbuilding Local 22*, 391 U.S. 418, 88 S.Ct. 1717, 20 L.Ed.2d 706 (1968); *N.L.R.B. v. Williamson-Dickie Mfg. Co.*, 130 F.2d 260 (5th Cir., 1942).

Consequently I find proceedings before the Board to enforce the provisions of the National Labor Relations Act are proceedings within the § 362(b)(4) exception to the automatic stay, *N.L.R.B. v. Evans Plumbing Co.*, 639 F.2d 291 (5th Cir., 1981). The Board is authorized to fix the liability for violations of the Act, see 29 U.S.C. § 160(c) and 29 C.F.R. § 102.52. As the Board's authority to fix liability for violation is incident to the exercise of its police and regulatory power, the Board's "compliance" stage in the proceedings against the debtor also falls within the § 362(b)(4) exception. As the legislative history reflects:

"Thus, where a governmental unit is suing a debtor to prevent or stop violations of fraud, environmental protection, safety, or similar police or regulatory laws, or *attempting to fix damages for violation of such a law*, the action or proceeding is not stayed under the automatic stay. (emphasis added) House Report No. 95–595, 95th Cong., 2nd Session at 343, U.S.Code Cong. & Admin.News 1978, 5787, 6299.

The exceptions in § 362(b), however, do not go so far as to permit enforcement of a money judgment against the debtor or

property of the estate, *Evans Plumbing Co.*, supra, 11 U.S.C. § 362(b)(5).[1]

## THE DISCRETIONARY STAY

The debtor urges in the alternative that the court exercise its discretionary powers pursuant to § 105 of the Bankruptcy Code to enjoin the Board from fixing the debtor's liability. The debtor notes that the Fifth Circuit Court of Appeals expressly left this issue unresolved in the *Evans* decision, see *Evans* at 293, fn. 3. It is clear that the Bankruptcy Courts may enjoin the Board if such injunction is necessary or appropriate to carry out the provisions of the bankruptcy laws, see § 105(a) of the Bankruptcy Code and 28 U.S.C. § 1481. The debtor contends that the Bankruptcy Court has the authority to liquidate claims against the estate pursuant to § 502 of the Code. Therefore the debtor argues that the granting of an injunction is a necessary or appropriate measure to carry out the provisions of the Bankruptcy Code.

The Supreme Court rejected a similar theory asserted by the trustee in a case arising under the Bankruptcy Act and concluded that the Board, not the referee in bankruptcy nor the court, has been entrusted by Congress with authority to determine what measures will remedy unfair labor practices, *Nathanson v. National Labor Relations Board*, 344 U.S. 25, 73 S.Ct. 80, 97 L.Ed. 23 (1952). The court notes that the fixing of the back pay is one of the functions confided solely to the Board.

"The computation of the amount due may not be a simple matter. It may require, in addition to the projection of earnings which the employee would have enjoyed had he not been discharged and the computation of actual interim earnings, the determination whether the employee wilfully incurred losses, whether the back pay period should be terminated because of offers of reinstatement or the withdrawal of the employee from the labor market, whether the employee recovered equivalent employment and the like. Congress made the relation of remedy to policy an administrative matter, subject to limited judicial review, and chose the Board as its agent for the purpose." *Nathanson* at 29, 30, 73 S.Ct. at 83.

I am unconvinced that Congress in enacting the Bankruptcy Reform Act of 1978 intended to overrule the *Nathanson* decision. A comparison of the jurisdictional grants under the Bankruptcy Act of 1898 with the Bankruptcy Code reveals no material distinction which would alter the result of *Nathanson*. Section two of the Bankruptcy Act created the bankruptcy courts and gave them jurisdiction over bankruptcy cases under the Act. Although that section does not use the word "exclusive," the jurisdictional grant has been so interpreted, see Collier on Bankruptcy, ¶ 2.06, page 152 et seq. (14th Edition). The Bankruptcy Reform Act grants to the bankruptcy court exclusive jurisdiction of bankruptcy cases arising under the Code, 28 U.S.C. § 1471. There is no indication in the 1978 Reform Act that the exclusive jurisdictional grant is not subject to the same exception as was held to apply to the 1898 Act in the *Nathanson* decision.

Two recent cases have dealt with the question of the stay of N.L.R.B. proceedings under the Bankruptcy Act. In the case of *In re Bel Air Chateau Hospital*, 611 F.2d 1248 (9th Cir., 1979), the court held it improper for the bankruptcy court to grant a discretionary stay to prevent the Board from ruling upon labor issues involving refusal to bargain and failure to reinstate discharged employees against Chapter XI debtors. The court reasoned that a Chapter XI debtor in possession or operating receiver does not avoid responsibility under the National Labor Relations Act merely by becoming an operating entity under the

---

1. The Board in its brief acknowledged it would make no effort to satisfy judgment other than by filing a claim in the bankruptcy proceeding.

Bankruptcy Act. In *Matter of Shippers Interstate Service, Inc.*, 618 F.2d 9 (6th Cir., 1980) the court was also concerned with a Chapter XI debtor and the applicability of the automatic stay to Board action. In following the *Bel Air* case the Sixth Circuit recognized a distinction between liquidation and reorganization proceedings, indicating its agreement with the *Bel Air* court that a discretionary stay would not be appropriate in a liquidation case so long as assets of the estate were not threatened.

 This is a liquidation case and it is not necessary to explore the parameters of discretionary stays in reorganization matters. The question here is whether a discretionary stay should be issued because this is a liquidation case. In both *Shippers* and *Bel Air*, the courts were dealing with Board proceedings requiring remedial action on the part of an ongoing business such as bargaining with the union or reinstatement of discharged employees. Board orders of that type would obviously be inappropriate in most liquidation cases. Both courts expressed concern for any regulatory proceedings which might threaten the assets of the liquidation estate. Under the automatic stay provisions of the Bankruptcy Code discussed herein, that fear is unfounded here because money judgments may not be enforced. Accordingly, I see no reason to grant a discretionary stay to prohibit the Board from liquidating its claim against the debtor for purposes of filing a claim in the bankruptcy estate. However this court retains the exclusive jurisdiction to determine the extent to which any such proof of claim should be allowed and priority treatment accorded it under the distribution hierarchy set forth in the Bankruptcy Code. Defensive issues outside the scope of the National Labor Relations Act such as payment, the extent of the credits, untimeliness or improper form of the claim, etc. will all be handled exclusively in the bankruptcy court.

Some remedial actions ordered by the board may be rendered moot where employment has been terminated at the place of business. For example, the Board may require the posting of notices to inform the past employees of the Board's action. Where the trustee in a liquidation case has no employees and is in the process of selling the assets, the posting of such notices indeed interferes with the orderly liquidation of the estate. Accordingly all acts of the Board other than collection of facts to liquidate the claim and its actual liquidation will be enjoined under 11 U.S.C. § 105. All other relief requested by plaintiff will be denied.