PER CURIAM.
 

 In response to our mootness inquiry at oral argument, at which no one appeared for the petitioner, the Board filed a post-argument memorandum which has not been controverted. The memorandum states the following facts bearing on the question of mootness. At the time of the unfair labor practice hearing in October of 1980 the Company was operating with about one-fifth of its normal work force of one hundred forty employees. In early 1982 the Company ceased operations entirely, and on July 1,1982, it filed a Chapter 11 bankruptcy petition. The Board on December 10, 1982, filed a proof of claim for the outstanding back pay due from the Company, approximately $33,000. A hearing in the Chapter 11 proceeding was scheduled for March 2, 1983.
 

 We agree with the Board that the bankruptcy proceedings have not rendered the ease moot.
 
 NLRB v. Suburban Ford,
 
 646 F.2d 1244, 1249 n. 4 (8th Cir.1981);
 
 NLRB
 
 v.
 
 Bell Company,
 
 561 F.2d 1264, 1266 n. 2 (7th Cir.1977);
 
 NLRB v. Autotronics, Inc.,
 
 434 F.2d 651 (8th Cir.1970). The Board, of course, must take into consideration the changed circumstances in any compliance or contempt proceedings following enforcement of the Board’s order.
 
 See Southport Petroleum Co. v. NLRB,
 
 315 U.S. 100, 106,
 
 *24
 
 62 S.Ct. 452, 455-56, 86 L.Ed. 718 (1942);
 
 NLRB v. West Coast Casket Company, Inc.,
 
 469 F.2d 871, 873 (9th Cir.1972).
 

 It is also clear that 11 U.S.C. § 362(b)(4) and (5)
 
 [1]
 
 prevents the application of the automatic stay provisions of 11 U.S.C. § 362(a)(1) and (2).
 
 NLRB v. Evans Plumbing Company,
 
 639 F.2d 291 (5th Cir.1981);
 
 In re Bel Air Chateau Hospital, Inc.,
 
 611 F.2d 1248, 1250-51 (9th Cir.1979).
 

 We now turn to the merits. There is substantial, if not overwhelming, evidence in the record showing the following: that the Company threatened to close its plant if the employees sought a union or engaged in concerted activity to improve working conditions; that the Company threatened to discharge employees for engaging in union organizing and other protected activities; that the Company coercively interrogated employees about union organizational activities and fostered the impression of surveillance of such activities; that the Company maintained and enforced a no-distribution rule improperly restricting union activities. We affirm the Board’s findings that the Company violated section 8(a)(1) of the Act.
 

 There was also substantial evidence to support the Board’s findings that Eduardo Mercado and Frederick Rivera were not supervisors and that the company violated sections 8(a)(3) and (1) by discharging them.
 

 The facts also show that the Board acted within its discretion in issuing a remedial bargaining order.
 

 The petition for review is denied. The Board’s order is enforced in full.
 

 [1]
 

 . 11 U.S.C. § 362(b) provides:
 

 The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—
 

 (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit’s police or regulatory power;
 

 (5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit’s police or regulatory power ....