In re S.T.R. CORPORATION, dba Rogers Supermarkets, fdba Rogers Super Value, Rogers Food Value, Rogers Food World, J.Q. Co., Top Value Food Market, Inc., Top Value, Inc., Premier Corporate Security, Debtors and Debtors-In-Possession.

**Bankruptcy No. B84–03064.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Oct. 8, 1986.

Mark A. Rock, Eben O. McNair, IV, Schwarzwald, Robiner, Wolf & Rock, and Neal B. Wainblat, Duvin, Flinker & Cahn, Cleveland, Ohio, for Retail Store Employees Union Local 880—Retail Food Employers Joint Pension Fund, and its Trustees, Retail Store Employees Union Local 880—Food Div. Ins. Fund and its Trustees, and Meatcutters Health and Welfare Fund and its Trustees.

Elmer G. Cowan, Oberdank & Cowan, Cleveland, Ohio, for Meatcutters Health and Welfare Fund, and its Trustees, and for United Food and Commercial Workers Intern. Union—Industry Pension Plan, and its Trustees.

Stanley D. Gottsegen, Burke, Haber & Berick Co., L.P.A., and Kathryn L. Roseen, Sindell, Sindell, Rubenstein, Einbund, Pavlik & Novak, Cleveland, Ohio, for debtors and debtors-in-possession.

Aileen A. Armstrong, Asst. Gen. Counsel for Special Litigation, Washington, D.C., and John Kollar, Regional Atty., Cleveland, Ohio, for N.L.R.B.

## MEMORANDUM OF OPINION AND ORDER

JOHN F. RAY, Jr., Chief Judge.

This matter is before the Court on the motion of debtor, S.T.R. Corporation ("S.T. R."), asking this Court to stay all the proceedings before the National Labor Relations Board ("NLRB"), and briefs of counsel.

On or about February 14, 1986, the Retail Store Employees Union Local 880, Food Division Insurance Fund, Retail Store Employees Union Local 880 Retail Food Employers Joint Pension Fund, Meat Cutters Health & Welfare Fund and United Food & Commercial Workers International Union Industry Pension Plan, and their trustees ("Funds"), and United Food & Commercial Workers Union Local 880, affiliated with United Food and Commercial Workers International Union, AFL–CIO, CLC ("Local 880" or the "Union"), (all of the foregoing being hereinafter referred to as "Creditors"), moved against S.T.R., seeking payment of union dues to Local 880 and payment of delinquent contributions to the Funds, plus interest, attorney fees, liquidated damages and injunctive relief. On July 14, 1986, this Court granted Creditors' motion in part, finding that the Court had jurisdiction over the claims, and ordered an evidentiary hearing to establish the precise amounts owed. Thereafter, United Food & Commercial Workers Local 880 filed a supplemental motion with respect to additional unilateral reductions implemented by S.T.R.

Evidentiary hearings were held on August 11 and 21, 1986 to establish the delinquent contributions and reductions owed, and to determine any other appropriate damages. S.T.R. and Creditors stipulated that S.T.R. owed the Funds certain sums for unpaid contributions, subject to an audit to be conducted by the Funds. The Court directed that the parties brief the question of other damages available to the Funds. In addition, S.T.R. stipulated on the record to having unilaterally implemented certain changes in the wages and other benefits of its employees represented by the Union.

On August 22, 1986, this Court issued an additional order requiring S.T.R., *inter alia*, to: (i) pay the delinquent contributions to the Funds, specifying the sums subject to an audit; (ii) reinstate wages, holiday and vacation pay; and (iii) provide an accounting to the Union.

Creditors also filed various unfair labor practice charges against S.T.R. with the NLRB. The initial charges were filed on April 30, 1986. Creditors thereafter filed amended charges. Those charges allege that S.T.R. (i) unlawfully and unilaterally altered various terms and conditions of employment, including the cessation of contributions to the Funds and the reduction of wages, vacation and holidays; (ii) unlawfully terminated the employment of an employee in violation of the provisions of 29 United States Code section 158(a)(3) and section 8(a)(3) of the National Labor Relations Act; (iii) required employees to attend a meeting without pay; (iv) failed to provide the Union with relevant financial information; (v) unlawfully withdrew recognition from the Union; and (vi) otherwise unlawfully failed to bargain with the Union and coerced employees in the exercise of their rights under the Act.

Furthermore, the charges allege that Steve Rogers, president of S.T.R., was personally liable for the unfair labor practices based upon his commingling of his personal and S.T.R. funds and the funds of other business interests, as well as other acts.

The NLRB has issued a complaint which includes as allegations all the claims detailed above. In particular, the Board's complaint alleges that Steve Rogers is personally liable for the unfair labor practices. A hearing on those charges is to be held before an administrative law judge on October 22, 1986.

S.T.R. argues that this Court should enjoin the NLRB, because the proceeding before the NLRB poses a threat to S.T.R.'s estate since the issues before this Court and the NLRB are the same, the potential conflict between this Court and the NLRB could subject S.T.R. to conflicting rulings, S.T.R. will be required to expend additional funds to re-litigate the same issue in the NLRB proceeding that it already litigated before this Court, and S.T.R.'s constitutional right to appeal will be infringed upon if the NLRB proceeding continues.

The automatic stay provision of section 362 of the Bankruptcy Code (11 U.S.C. § 362) provides for a stay of all actions, including judicial and administrative, against the estate of a debtor, but section 362(b)(4) excepts from the automatic stay provision the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power. In the case of *NLRB v. Evans Plumbing Co.*, 639 F.2d 291 (5th Cir.1981), the Fifth Circuit recognized that the NLRB is a governmental unit; that its action in seeking summary judgment against an employer in the court of appeals for violations of the Act "was undertaken to enforce the federal law regulating the relationship between employer and employee" and that the Board's actions constitute "an exercise of police or regulatory powers which places [the Board] within the § 362(b)(4) exemption to the automatic stay." 639 F.2d at 293. The view of the Fifth Circuit has been upheld consistently by the other courts considering the issue. *See Ahrens Aircraft, Inc. v. NLRB*, 703 F.2d 23, 24 (1st Cir.1983); *In re Mansfield Tire and Rubber Co.*, 660 F.2d 1108, 1114 (6th Cir.1981); *In the Matter of Nicholas, Inc.*, 55 B.R. 212, 214 (Bankr.N.J. 1985); *In re Rath Packing Co.*, 38 B.R. 552, 560–61 (Bankr.Iowa 1984).

■ The Court must now determine if it can issue a discretionary stay under 11 United States Code section 105. Section 105 of the Bankruptcy Code provides, in part, that the bankruptcy court "may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." Section 105 is not jurisdictional and does not grant the court jurisdiction which it does not already possess. *In re Professional Sales Corp.*, 56 B.R. 753, 762 (N.D.Ill.1985); *Hall v. Jet Television Rental, Inc.*, 30 B.R. 799, 801 n. 3 (M.D.Tenn.1983).

The wording of section 105 fails to grant the Court additional jurisdiction; it simply allows the Court to protect jurisdiction granted elsewhere in the Bankruptcy Code. This reading is supported by the fact that, as Congress explained, section 105 "is similar in effect to the All Writs Act, 28 U.S.C. 1651." H.Rep. No. 95–595, at 316; S.Rep. No. 95–989, at 29, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5815, 6273. The All Writs Act, of course, grants no independent jurisdiction. *Commercial Security Bank v. Walker Bank & Trust*, 456 F.2d 1352, 1355 (10th Cir.1972); *EEOC v. Rath Packing Company*, 787 F.2d 318, 325 (8th Cir.1986); *Brittingham v. IRS*, 451 F.2d 315, 317 (5th Cir.1971) and cases cited.

■ The bankruptcy court has jurisdiction over the estate and the debtor and may order the debtor to take any action or abstain therefrom, but does not have jurisdiction to enjoin governmental agencies from adjudicating violations of the police or regulatory laws which they enforce. *See EEOC v. Rath Packing Co., supra*, at 325; *In re Nicholas, Inc.*, 55 B.R. 212, 216 (Bankr.N.J.1985); *In re Brada Miller Freight Systems, Inc.*, 16 B.R. 1002 (D.S.D. 1981).

■ The court in *In re Brada Miller Freight Systems, Inc., supra*, at page 1007 said:

Section 10 of the National Labor Relations Act, 28 U.S.C. § 160, is entitled, "Prevention of unfair labor practices." Subsection (a) thereof provides, in relevant part:

*Powers of Board generally.* The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice affecting commerce. *This power shall*

*not be affected by any other means of adjustment or prevention that* has been or *may be established* by agreement, *law,* or otherwise.... (Emphasis added.)

Under the plain meaning of the statute, jurisdiction to determine the existence and prevent commission of unfair labor practices rests exclusively with the NLRB, subject to review by the various federal courts of appeals. In an early case construing § 10(a) of the NLRA, the Supreme Court stated:

Congress declared that certain labor practices should be unfair, but it prescribed a particular method by which such practice should be ascertained and prevented. *By the express terms of the Act, the Board was made the exclusive agency for that purpose.*

\* \* \* \* \* \*

It is the Board, and the Board alone or its designated agent, which has the power to issue its complaint against the person charged with the unfair labor practice. If complaint is issued, there must be a hearing before the Board or a member thereof or its agent. The hearing is under the control of the Board. *The determination whether or not the person named in the complaint has engaged or is engaging in the unfair labor practice rests with the Board.*

So far, it is apparent that *Congress has entrusted to the Board exclusively* the prosecution of the proceeding by its own complaint, the conduct of the hearing, *the adjudication* and the granting of appropriate relief.

*Amalgamated Workers v. Edison Co.,* 309 U.S. 261, 264–65, 60 S.Ct. 561, 563, 84 L.Ed. 738 (1940) (emphasis added). Subsequent cases have reaffirmed the Board's exclusive jurisdiction to prosecute and adjudicate unfair labor practice charges. *NLRB v. Phelps Dodge Corp.,* 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271 (1941); *Garner v. Teamsters Union,* 346 U.S. 485, 490, 491, 74 S.Ct. 161, 166, 98 L.Ed. 228 (1953); *NLRB v. Seven-Up*

*Bottling Co.,* 344 U.S. 344, 346, 349, 73 S.Ct. 287, 290, 97 L.Ed. 377 (1953).

The hearing before the National Labor Relations Board scheduled for October 22, 1986 should not be stayed.

It is, therefore, ORDERED, ADJUDGED and DECREED that the motion of S.T.R. Corporation to stay all claims and proceedings before the National Labor Relations Board is hereby denied.