William E. BROCK, Secretary of Labor, United States Department of Labor,

v.

ARLMONT SERVICES, INC., Wayne McLeod.

Civ. A. No. 85–3819–Mc.

United States District Court, D. Massachusetts.

Nov. 12, 1986.

Albert H. Ross, Regional Solicitor, John S. Casler, Atty., U.S. Dept., of Labor-Office of the Solicitor, Boston, Mass., for William E. Brock.

Wayne McLeod, Arlmont Services, Inc., President, pro se.

William T. Stevens, Ronald C. Mac-Kenzie, Boston, Mass., for defendant Arlmont and Wayne McLeod.

## MEMORANDUM ON QUESTION OF WHETHER THIS LITIGATION AS AGAINST ARLMONT SERVICES, INC. SHOULD BE STAYED PURSUANT TO 11 U.S.C. § 362(a)

ROBERT B. COLLINGS, United States Magistrate.

The above-styled case was filed on October 9, 1985 pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* The Complaint seeks an injunction against continued violations of the Act and payment of back wages determined to be due to employees on account of violations of the Act by the defendant. In summary form, the Complaint alleges that the defendants are paying their employees at rates less than the applicable minimum wage, are requiring their employees to work longer than forty hours per week at rates less than one and one-half times their regular rates of pay, and have failed to keep adequate records with respect to employees' wages and hours as required by law. The defendant, Arlmont Services, Inc., has filed for protection of the Bankruptcy Court under Chapter 11 in this District (Docket No. 85–1424–HL) and contends that the instant action must be stayed pursuant to the "automatic stay" provisions of the Bankruptcy Act, 11 U.S.C. § 362(a).

I find that the above-styled action is a proceeding by a governmental unit to enforce that unit's police and regulatory powers and as such, is excepted from the "automatic stay" provisions of 11 U.S.C. § 362(a) pursuant to 11 U.S.C. § 362(b)(4) and (5). The legislative history of 11 U.S.C. 362(b)(4) and (5) make this clear.

> Paragraph (4) excepts commencement or continuation of actions by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violations of such a law, the action or proceeding is not stayed under the automatic stay. Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment.

1978 U.S.Code Cong. and Adm.News, 5787, 6299.

In these circumstances, the instant case may proceed to judgment, including the enforcement of any injunction which is contained in the judgment. *Donovan v. Porter,* 584 F.Supp. 202, 206–07 (D.Md., 1984); *see also Ahrens Aircraft, Inc. v. NLRB,* 703 F.2d 23, 24 (1 Cir., 1983).

Counsel for all parties are directed to report for a further scheduling conference pursuant to Rule 16(b), F.R.Civ.P., on *Monday, November 24, 1986 at 9:00 A.M.* at Courtroom # 8 (9th floor), John W. McCormack Post Office and Court House, Boston, Massachusetts.