**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**15TH AVENUE IRON WORKS, INC., Respondent.**

**Docket No. 92–4012.**

United States Court of Appeals, Second Circuit.

Submitted May 5, 1992.

Decided June 1, 1992.

Aileen A. Armstrong, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for petitioner.

Edward J. Quinlan, New York City, sent a letter, for respondent.

Before PRATT, MAHONEY, and McLAUGHLIN, Circuit Judges.

PER CURIAM:

The National Labor Relations Board (NLRB) moves for entry of a default judgment against respondent 15th Avenue Iron Works, Inc. (15th Avenue), enforcing the NLRB's order in Case No. 29–CA–13601. For the following reasons, the NLRB's motion is granted.

On January 28, 1992, the NLRB filed a petition for enforcement of its order against 15th Avenue. On February 3, 1992, 15th Avenue's counsel informed this court by letter that his client had filed a chapter 7 bankruptcy petition, and had gone out of business shortly thereafter. On February 27, 1992, since 15th Avenue had not filed an answer within the twenty days allowed by Fed.R.App.P. 15(b), the NLRB moved for judgment by default.

While counsel for 15th Avenue has not entered an appearance in this case, nevertheless, in his February 3 letter to this court's staff counsel, he indicated his belief that the motion for default judgment could not be acted upon by this court in light of the automatic stay provisions of the bankruptcy code. *See* 11 U.S.C. § 362(a).

A petition filed under §§ 301, 302, or 303 of the bankruptcy code generally operates as an automatic stay of

> the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under th[e bankruptcy code] * * *.

11 U.S.C. § 362(a)(1). However, the filing of such a petition does not operate as a stay "of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power". 11 U.S.C. § 362(b)(4).

█ Although this circuit has not previously addressed the issue, we agree with the first, fifth, sixth, seventh and ninth circuits, each of which has concluded (1) that the NLRB is a "governmental unit", and (2) that NLRB unfair labor practice proceedings and enforcement proceedings are proceedings to enforce the NLRB's police or regulatory powers. *See NLRB v. Continental Hagen Corp.*, 932 F.2d 828, 832–35 (9th Cir.1991); *NLRB v. P\*I\*E Nationwide, Inc.*, 923 F.2d 506, 511–12 (7th Cir.1991); *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939–41 (6th Cir. 1986); *Ahrens Aircraft, Inc. v. NLRB*, 703 F.2d 23, 24 (1st Cir.1983) (*per curiam*); *NLRB v. Evans Plumbing Co.*, 639 F.2d 291, 292–93 (5th Cir.1981) (*per curiam*).

█ We note that the NLRB's order includes a requirement that 15th Avenue make payments to various union funds "[f]or certain periods after December 30, 1987." The "enforcement" of the NLRB order that we command pursuant to 29 U.S.C. § 160(e) allows the entry of this aspect of the NLRB's order as, in effect, a "money judgment" against 15th Avenue. *See* 11 U.S.C. § 362(b)(5); *Penn Terra Ltd. v. Department of Envtl. Resources*, 733 F.2d 267, 275 (3d Cir.1984). The collection of that judgment after entry, on the other hand, is not authorized by this "enforcement" proceeding, and requires a separate application to the bankruptcy court. *See Continental Hagen*, 932 F.2d at 832; *P\*I\*E Nationwide*, 923 F.2d at 512; *Cooper Painting*, 804 F.2d at 942–43; *Penn Terra*, 733 F.2d at 275; *cf. Evans Plumbing*, 639 F.2d at 293 (reserving the question).

Since the automatic stay provisions of the bankruptcy code do not apply to this proceeding, the NLRB's motion for judgment by default is granted, and the NLRB's order in case number 29–CA–13601 is enforced by separate order being filed concurrently with this opinion.