# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-60262
Summary Calendar

MIGUEL CARDENAS-CHAVARIN

Petitioner

v.

MICHAEL B MUKASEY, U.S. Attorney General

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 568 651

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Miguel Cardenas-Chavarin (Cardenas), a citizen of Mexico, petitions this court for review of an order denying his application for adjustment of status to that of lawful permanent resident and ordering his removal to Mexico. The Board of Immigration Appeals (BIA) affirmed the order of the immigration judge (IJ). The respondent moves for summary disposition based on this court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision in Mortera-Cruz v. Gonzales, 409 F.3d 246, 255-56 (5th Cir.), cert. denied, 546 U.S. 1031 (2005).

Cardenas argues that the BIA erred by determining that he was not eligible for adjustment of status. Because he was inadmissible pursuant to 8 U.S.C. § 1182(a)(9)(C)(i)(I), the BIA did not act arbitrarily when it determined that Cardenas was not eligible for adjustment of status under 8 U.S.C. § 1255(i)(1)(A)(i). Mortera-Cruz, 409 F.3d at 255-56. Although Cardenas contends that Mortera-Cruz was wrongly decided and asks this court to overrule it, one panel of this court cannot overrule a prior panel determination. See Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999).

Cardenas urges that he could have obtained adjustment of status if he had been granted permission to reapply for admission, and he asserts that he should be given the opportunity to obtain a nunc pro tunc I-212 waiver to retroactively cure his illegal reentry. However, Cardenas never affirmatively sought permission to apply for readmission, and he does not specify on what grounds any such request would have been based. Moreover, Cardenas' argument is based on Ninth Circuit's decision in Perez-Gonzalez v. Ashcroft, 379 F.3d 783 (9th Cir. 2004), which was specifically rejected by this court in Mortera-Cruz. See 409 F.3d at 255-56.

Cardenas opines that the BIA's decision leaves it open to constitutional attack, but he has abandoned any such constitutional challenge by failing to brief it. See Rodriguez v. INS, 9 F.3d 408, 414 n.15 (5th Cir. 1993); see also Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). Because this court is bound by Mortera-Cruz, there is no substantial question as to the outcome of the case, and summary disposition is appropriate. See NLRB v. Evans Plumbing Co., 639 F.2d 291, 292 n.1 (5th Cir. 1981). The petition for review is denied.

MOTION FOR SUMMARY DISPOSITION GRANTED; PETITION FOR REVIEW DENIED.